**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
─────────────────────────────────────

**UNITED STATES OF AMERICA,**

                    **Plaintiff,**

         **v.**                                              **11-CR-116S**

**VICTOR MONGE,**

                    **Defendants.**
─────────────────────────────────────

## DECISION AND ORDER

         This case was referred to the Hon. Hugh B. Scott by the Hon. William M.

Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear

and report upon dispositive motions.  Dkt. #10.  Thereafter, Magistrate Judge Scott

issued an Order of Recusal in the case as to Victor Monge only (Dkt. #58) and Chief

Judge Skretny referred the case against Victor Monge to the undersigned, in

accordance with 29 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report

upon dispositive motions.  Dkt. #61.


## PRELIMINARY STATEMENT

         The defendant, Victor Monge ("Monge"), along with seven others, is

charged in a one-count Indictment (Dkt. #9) with conspiracy to possess with intent to

distribute and to distribute one kilogram or more of heroin.  In addition, the defendants

face a forfeiture count seeking the forfeiture of money and personal property.  Presently

pending is defendant Monge's non-dispositive discovery motions with respect to the

Indictment.  Dkt. #53.

**<u>FACTS</u>**[1]

        Defendant Monge and seven others were charged in a Criminal Complaint on March 18, 2011 with conspiracy to possess with intent to distribute and to distribute one kilogram or more of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) all in violation of Title 21, United States Code, Section 846. The Affidavit of Chautauqua County Sheriff's Department Detective and Drug Enforcement Administration Task Force Agent S.R. Cory Higgins submitted in support of the Criminal Complaint authorized by Magistrate Judge Scott detailed the investigation which included Orders issued by Chief Judge Skretny authorizing the interception of wire communications and targeting the organization headed by co-defendant Victor Anguiera. Specifically, the affidavit refers to a March 15, 2011 intercepted conversation wherein it was indicated that the Anguiera organization would be receiving a shipment of heroin on March 17, 2011. Dkt. #1, ¶ 5. The affidavit thereafter detailed the intercepted conversations and surveillance that took place between March 16-17, 2011, as well as a vehicle stop in the early evening on March 17, 2011. Finally, the affidavit describes search warrants that were obtained from Chautauqua County Court Judge John T. Ward, and what evidence was seized following the execution of those search warrants.

---

[1] The facts herein are taken from the Criminal Complaint (Dkt. #1), the Indictment (Dkt. #9) and those limited facts included in the instant motion (Dkt. #53) and the government's response thereto (Dkt. #55).

On March 30, 2011, a Federal Grand Jury returned a one-count Indictment charging Monge and seven others with conspiracy to possess with intent to distribute and to distribute one kilogram or more of heroin during the period in or about April 2009 to March 17, 2011. Dkt. #9. In his pretrial motions filed March 10, 2012, defendant Monge seeks a bill of particulars, discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the disclosure of *Brady*, *Giglio* and *Jencks* Act material, the disclosure of the identity of informants, permission to join in the motions of his co-defendants and leave to file additional motions. Dkt. #53. The government filed its response to the instant motion on March 12, 2012 (Dkt. #55) and Magistrate Judge Scott heard oral argument on March 16, 2012. Thereafter, on March 30, 2012, Magistrate Judge Scott issued an Order of Recusal and this Court held a status conference and took defendant Monge's motions under advisement. Dkt. #58.


## DISCUSSION AND ANALYSIS

**Bill of Particulars**

That portion of defendant Monge's omnibus pretrial motion seeking a bill of particulars with respect to Count 1 states in its entirety:

**CONSPIRACY TO DISTRIBUTE COCAINE**
(Count 1)

a)   Identify the name of all individuals from whom the Government alleges Defendant distributed cocaine;

b)   The exact quantity of cocaine based [sic] alleged to be in possession of Defendant MONGE during the alleged conspiracy;

c)   State the exact number of times Defendant distributed cocaine during the alleged conspiracy;

d)   State the exact amount and/or weight of cocaine.

Dkt. #53, p.4.  The government filed a single response to the requests for a bill of particulars sought by defendants Monge, Cruz-Hernandez, Ortiz-Rosa and Areizaga-Rosa.  Dkt. #55, ¶¶ 23-29.  The government does not specifically address defendant Monge's request for a bill of particulars.  As a threshold matter, the Court notes that the defendant seeks particularization with respect to Count 1 of the Indictment, an alleged conspiracy to possess and distribute heroin, and defendant Monge's requests all related to cocaine.  Notwithstanding the foregoing, the Court will address defendant Monge's request for a bill of particulars concerning the drug conspiracy.  In its response, the government asserts,

> The government maintains that the Indictment is sufficient and that the demand for a Bill of Particulars is unwarranted as to each defendant.  The volume of discovery provided thus far in this action provides an overall picture of each defendant's culpability and actions relative to the conspiracy and the combination of the containing [sic] the wiretap applications, affidavits, warrants, sealing orders, search warrants and inventories and affidavits thereto, laboratory reports, multiple CDs containing all pertinent conversations, transcripts thereof, line sheets, minimization instructions, recordings and information concerning controlled buys, and post arrest statements, constituting all material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B).

Dkt. #55, ¶ 23.  In addition to the foregoing, the government maintains that it should not be required "to preview its case or expose its legal theory" nor should it be required to disclose the manner in which it will attempt to prove the charges or the precise manner in which the crimes were committed.  *Id*. at ¶ 23.  Finally, the government states,

> [m]any of the particulars sought by defendants relate to specific details of the conspiracy charged in the Indictment. Additionally, the government does not have to prove overt acts to support such charge.  However, the government is

not required to prove exactly when or how a conspiracy was formed or when or how a particular defendant joined the scheme, and as the circumstantial proof from which the government usually relies to prove the existence of a scheme often does not reveal such details, the courts have consistently rejected demands for particulars as to the formation of a conspiracy or the entry into a conspiracy of a particular defendant or confederate.

*Id*. at ¶ 29.


It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charges in the Superseding Indictment, along with the 281 page affidavit filed in support of the Criminal Complaint, and the discovery materials provided by the government, clearly inform the defendant of the essential facts of the crimes charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose. Accordingly, defendant's request for a bill of particulars is denied.

A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d

[572] at 574 [(2d Cir. 1987)]. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v. Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct. 1690 (2008).

**Discovery**

As a threshold matter, defendant Monge notes that the government has already provided "many discoverable items" and that the instant request "encompasses those items not previously disclosed." Dkt. #53, ¶ 9.

**Defendant's Statements**

The defendant requests copies of any written, recorded, oral or observed statements made by him or made by any "uncharged co-defendants or co-conspirators", including any notes, summaries or memoranda concerning such statements. *Id*. at ¶ 9. In its response, the government states in pertinent part,

> [t]he government contends that it had [sic] provided, pursuant to voluntary discovery and requests made by defendants, the wiretap applications, affidavits, warrants, sealing orders, search warrants and inventories and affidavits thereto, laboratory reports, multiple CDs containing all pertinent conversations, transcripts thereof, line sheets, minimization instructions, recordings and information concerning controlled buys, and post arrest statements,

> constituting all material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B) and believes that discovery is thereby complete. The government further does not concede that any of the materials requested by the defendant to the extent not previously disclosed falls within the purview of Rule 16. All written and recorded statements of defendants have been provided or will be provided, as well as the substance of any oral statements made by each defendant before and after arrest in response to interrogation by any person known to the defendant to be a government agent.

Dkt. #55, ¶ 4. Based on the representations made by counsel for the government, the defendant's request is denied as moot.

With respect to the defendant's request for statements, transcripts or testimony made by "uncharged co-defendants or co-conspirators," the Court notes that the phrase "uncharged co-defendant is legally incorrect insofar as a co-defendant, as that term suggests, must, in order to be a "co-defendant," be "charged." For purposes of addressing this request, the Court will treat the request as one for the production of witness statements. The Court notes that defendant separately requests the early disclosure of *Jencks* Act material. Therefore, defendant's request for witness statements, also known as, *Jencks* Act material, will be addressed separately below.

### Co-conspirators Statements

In two separate requests, the defendant seeks the disclosure of co-conspirator statements that the government will seek to offer as evidence pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence. Specifically, the defendant requests "[e]ach and every statement of any co-conspirator which will be relied upon at

trial by the Government to demonstrate the requisite existence of the conspiracy charged in the indictment ..."  Dkt. #53, ¶ 12.

Although the government does not specifically oppose defendant Monge's request for the disclosure of co-conspirator statements, the government does oppose co-defendants' requests for an order directing a pretrial evidentiary hearing to determine the admissibility of any co-conspirator statements.  *See* Dkt. #55, ¶¶ 34-36. The government further asserts that the applicable law in the Second Circuit makes clear that all issues directed to the admission of co-conspirator statements should be directed to the trial judge.  *Id*. at ¶ 35.

Because Rule 801(d)(2)(E) of the Federal Rules of Evidence does not contain a required pretrial notice, there is no requirement on the part of the government to make any such disclosure of this type of evidence at this time.  As a result, defendant's request in this regard is denied.  Any request to exclude such statements at the trial, is a matter left to the discretion of the trial judge.

**Residual Hearsay Exception**

By this request, the defendant states, "[a]lthough Rule 807 requires advance notice of hearsay statements thought to fall within the 'other expectations [sic]' exception to the hearsay rule, and in order to avoid confusion, waste of time, and unfairness at trial, advance notice ought to be given of any out of court statements, sought to be introduced at trial against the accused to the extent it is not contained in

any of the recorded conversations otherwise disclosed." Dkt. #53, ¶ 14. The Court

notes that what was formerly Rule 803(24) of the Federal Rules of Evidence has been

transferred to Rule 807 Residual Exception. In its response, the government simply

notes in a footnote that timely notice pursuant to Rule 807 will be provided. Dkt. #55,

n.7. Accordingly, based on the representations made by counsel for the government,

the defendant's request is denied as moot.


**"Scientific"**

In two separate requests, the defendant seeks the disclosure of the

reports of all tests and examinations conducted in this case, including but not limited to,

laboratory testing of any controlled substances. Dkt. #53, ¶¶ 16-17. In its response,

the government states,

> [t]he results and reports of physical and mental
> examinations and of scientific tests and experiments made
> in connection with the case have been made available to the
> defendants. If any further reports are forthcoming, they will
> be provided upon receipt by the government. The
> government will comply with the defendants' requests for
> expert testimony pursuant to Rule 16(a)(1)(G) of witnesses
> who will testify under Rules 702, 703 and 705 F.R.E.

Dkt. #55, ¶ 5. Based on the representations made by the government that it has and

will continue to comply with its disclosure obligations as set forth in the Federal Rules of

Criminal Procedure and the Federal Rules of Evidence concerning scientific tests and

examinations, the defendant's request is denied as moot.

**Identification**

The defendant requests "[a]ny visual or audio identification procedures utilized in this case, specifying the procedure, the participants and the circumstances; any visual or audible representation of a person or voice used for identification purposes." Dkt. #53, ¶ 17. It does not appear that the government responded to this specific request. To the extent any identification procedures were utilized in connection with this investigation and the government expects to introduce evidence at trial of any pretrial identifications from photo arrays, photo show ups or videotape, the government is hereby directed to disclose such information to counsel for the defendant. Accordingly, defendant's request is granted.

**Federal Documents**
**Law Enforcement Documents**

By these requests, the defendant is seeking all records routinely kept by the United States government relating to any person or conduct charged in the Indictment. In addition, these requests seek all investigative reports, complaints, evidence logs, memos and other documents maintained by any federal, state or local police or law enforcement agency. Dkt. #53, ¶¶ 19-24. It does not appear that the government specifically responded to this request, however, the government does state, "[t]he government will disclose written statements of witnesses and investigative agency or police department memoranda of interviews with witnesses, as provided by Title 18, United States Code, Section 3500. The government declines to provide statements and the identities of all persons interviewed and not intended to be called by

the government as outside the requirement of Title 18, United States Code, Section 3500 and Rule 16 of the Fed. R. Crim. P." Dkt. #55, ¶ 8. The Court notes that it is the trial court's practice to set a deadline for disclosure of 3500 and related materials.

As will be discussed in greater detail below, with respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* Act statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his or her direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge. The government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Summaries, Logs of Conversations**
**Title III Wiretap, Pen Register, Search Warrant Applications**
**Surveillance**

In his request titled "Summaries, Logs of Conversations," the defendant seeks all monitoring logs or summaries or other document concerning intercepted conversations or observed conversations. Dkt. #53, ¶¶ 25-29. In addition, the

defendant is seeking all applications for visual, electronic or other surveillance, pen

registers and search warrants.  *Id*.  In its response, the government states,

> [t]he government contends that it has provided . . . the
> wiretap applications, affidavits, warrants, sealing orders,
> search warrants and inventories and affidavits thereto . . .
> multiple CDs containing all pertinent conversations,
> transcripts thereof, line sheets, minimization instructions,
> recordings . . .

Dkt. #55, ¶ 4.  Based on the representations made by counsel for the government,

defendant's request is denied as moot.


### Third Party Documents
### Other Documents

> By his request for "third party documents," the defendant seeks,

> [a]ny documents, not already disclosed, obtained from any
> banks, financial institutions, or the like relating in any way to
> the indictment or the investigation which lead up to the
> indictment.  Any documents, not already disclosed, obtained
> from any common carriers whether for packages,
> information, data, or persons, including telephone records,
> or the like relating in any way to the indictment or the
> investigation which lead up to the indictment.  The
> government and the Grand Jury may have obtained records
> from a variety of third party record keepers.  As the
> collection of that information was or may have been material
> to the preparation of the case from the government's point of
> view, its review by the defense is also now required in order
> to allow the defense to prepare.

Dkt. #53, ¶¶ 30-31.  With respect to his request for "other documents," the defendant

states,

> [r]ather than requiring the accused to guess about other
> types of documentary information or evidence which has
> been collected in connection with this case . . . the

government should be required to specify any additional documents in its possession or under its control which relate in any way to the present case so that the discoverability of that information might be evaluated at the present time.

Dkt. #53, ¶ 34.

In its response, the government asserts that it

has made available of [sic] all tangible objects obtained pursuant to search warrants or otherwise and will make available photographs material to the preparation of a defense or intended to be used as evidence-in-chief at trial or obtained from or belonging to the defendant.

Dkt. #55, ¶ 6.  Based on the foregoing, defendant's requests are denied.

### Tapes, Photographs, Transcripts

By this request, the defendant seeks copies of all video or audio tapes made in connection with the investigation.  Dkt. #53, ¶¶ 35-42.  In addition, the defendant seeks copies of any photographs made in connection with this investigation. *Id*.  Finally, the defendant seeks "verbatim transcripts of all conversations identified by the government as being relevant to the case." *Id*. at ¶¶ 43-44.  As noted above, in its response, the government states that CDs containing the pertinent conversations and transcripts have been provided and photographs have been made available. Therefore, based on the representations made by counsel for the government that the requested items have either been provided or that the items have been made available to the defendant, defendant's request is denied as moot.

**Physical Evidence**

By this request titled "physical evidence," the defendant seeks, "all physical evidence collected or seized in connection with the case." Dkt. #53, ¶¶ 45-46. In its response, the government maintains that it has and continues to comply with the requirements set forth in Rule 16 of the Federal Rules of Criminal Procedure and that all tangible objects obtained pursuant to a search warrant or otherwise have been made available. Based on the representations made by counsel for the government, the defendant's request is denied as moot.

**Witnesses**

The defendant requests that the government disclose its list of witnesses that it expects to call at the trial. Dkt. #53, ¶¶ 47-50. In its response, the government states that Rule 16 does not require the government to furnish the names of witnesses prior to trial. Dkt. #55, ¶ 10. However, the government notes that, "[w]hile a Court may generally order disclosure of the identity of witnesses, it should not do so in the absence of 'a specific showing that disclosure is both material to the preparation of the defense and reasonable in light of the surrounding circumstances." *Id*. Because the defendant has failed to demonstrate that pretrial disclosure of the government's witness list is both material and reasonable, defendant's motion is denied.

**Rule 403, 404(b) and 609 Material**

In his request, the defendant states,

[i]n order to permit defendant to determine whether or not grounds exist for objection, defendant requests that the government be required, in accord with Fed. R. Crim. P. 12(d), to disclose any evidence intended to be offered at trial that would cause undue surprise or prejudice, evidence of other crimes intended to prove character, or evidence of prior convictions the government intends to use for purposes of impeachment of defendant should he testify.

Dkt. #53, ¶ 51. In its response, the government states that,

Rule 404(b) of the Federal Rules of Evidence permits the admission into evidence of proof of other crimes, wrongs or acts during the direct case of the government for purposes of proving such matters as motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. By way of discovery in this case, the defendants have been provided with the indication that the government's intention is to offer proof that these activities are such crimes, wrongs or acts which the government intends to prove during its direct case at trial. It is the government's position that such proof is relevant and admissible pursuant to Rule 404(b), as well as pursuant to normal evidentiary considerations concerning proof of the existence of and participation in the overall conspiracy alleged in the Indictment. The defendants generally have requested specific instances of other crimes, wrongs and acts under Federal Rules of Evidence 404(b), which it may use as impeachment material. The government will provide this information consistent with its disclosure of Jencks material. It is submitted that any hearings on the admissibility of such evidence is a matter for the District Court at the time of trial.

Dkt. #55, ¶¶ 11-12.

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to

introduce at trial." (Emphasis added). Insofar as the government has indicated that it intends to comply with any pretrial disclosure order entered by the trial judge and further, that it understands its disclosure obligations, defendant's request is denied as moot. The Court notes that the issue of admissibility of such evidence pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial.

With respect to the defendant's request pursuant to Rule 608, Rule 608 does not contain the same pretrial notice as set forth in Rule 404(b). Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time. Therefore, defendant's request in this regard is denied. With respect to the defendant's request pursuant to Rule 609, based on the representations made by counsel for the government, defendant's request is denied as moot. The government is hereby reminded that should the government learn of evidence of other crimes, wrongs and acts it intends to offer pursuant to Federal Rules of Evidence Rules 608 and 609 (impeachment material) during the trial, the government is hereby directed to provide such information consistent with its disclosure of *Jencks* Act material and the disclosure requirements set by the trial judge in advance of the trial.

### Discovery with Respect to FRE 702, 703 and 705

By this request, the defendant requests that "the government provide your deponent with a list of the government's expert witnesses, if any, and the substance of

any reports from these witnesses that may be in their possession, as well as written summaries of their anticipated testimony."  Dkt. #53, ¶ 52.  In its response, the government states, "[t]he government will comply with the defendants' requests for expert testimony pursuant to Rule 16(a)(1)(G) of witnesses who will testify under Rules 702, 703 and 705 F.R.E."  Dkt. #55, ¶ 5.  Based on the representations made by the government that it has and will continue to comply with its disclosure obligations as set forth in the Federal Rules of Criminal Procedure and the Federal Rules of Evidence, the defendant's request is denied as moot.


### *Brady* and *Giglio* Material

In his request labeled "*Giglio* Material" the defendant is seeking the disclosure of *Brady* and *Giglio* material.  Dkt. #53, ¶¶ 53-62.  In its response to defendant's request for *Brady* material, the government states in pertinent part,

> [a]t the present time, the government is not in possession of any "exculpatory" material within the contemplation of Brady, but does acknowledge its continuing duty under Brady to produce such material, if and when it is aware of it.  With regard to the individual requests made under the authority of the Brady decision, counsel for the government does not agree with any defendant's itemizations . . . that those requests come within the cited authority, but without further comment, will acknowledge the obligation to disclose any Brady information. . . . The Supreme Court in Brady did not distinguish between impeachment evidence and exculpatory evidence.  The government agrees to provide impeachment Brady material, i.e., promises of leniency or immunity agreements with government's witnesses, criminal records of prosecution witnesses, immoral, various or criminal acts committed by witnesses, and prior inconsistent statements no later than one week prior to the commencement of trial,

at which time the government will produce the <u>Jencks Act</u> material.

Dkt. #55, ¶¶ 19-21.  Accordingly, based on the representations made by counsel for the government, the defendant's request for "*Giglio* material" is denied as moot.


### Early Disclosure of *Jencks* Act Material

By this request, the defendant seeks the early disclosure of witness statements pursuant to Title 18, United States Code, Section 3500.  Dkt. #53, ¶¶ 63-67. In its response, the government states,

> [t]he government will disclose written statements of witnesses and investigative agency or police department memoranda of interviews with witnesses, as provided by Title 18, United States Code, Section 3500.  The government declines to provide statements and the identities of all persons interviewed and not intended to be called by the government as outside the requirement of Title 18, United States Code, Section 3500 and Rule 16 of the Fed. R. Crim. P.

Dkt. #55, ¶ 8.


As noted above, with respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his or her direct testimony.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the

government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government, and the understanding that the government will comply with the trial judge's pretrial order concerning the disclosure of witnesses' statements, the defendant's request is denied. Notwithstanding the foregoing, the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Identity of Informants**

The defendant requests the disclosure of the identity of any government informants. Dkt. #53, ¶¶ 68-70. In the alternative, the defendant requests that this Court conduct an *in camera* review to evaluate the competing interests in such disclosure. *Id*. at ¶ 70. In its response, the government declines to provide the names of all potential witnesses at trial and asserts that defendant Monge has not asserted a basis to warrant compliance with such a request. Dkt. #55, ¶ 9. In addition, the government states,

> [d]espite requests of defendants, it is well established that the government need not disclose the identity of the informants unless a sufficient showing has been made to demonstrate that disclosure is essential to the effective preparation of the defense. Nor does Rule 16 require the government to furnish the names of witnesses prior to trial.

> While a Court may generally order disclosure of the identity
> of witnesses, it should not do so in the absence of "a specific
> showing that disclosure is both material to the preparation of
> the defense and reasonable in light of the surrounding
> circumstances." None of the defendants have been able to
> establish either circumstance.

Dkt. #55, ¶¶ 9-10 (internal citations omitted). In order to be entitled to the requested

information, the defendant must sufficiently state a basis for requiring the disclosure of

this information or that the testimony of the informant would be of even marginal value

to the defendant's case. Moreover, the Court notes that the holding of the Court of

Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988),

*cert. denied*, 489 U.S. 1089 (1989), is instructive:

> The leading Supreme Court case on this question, *Roviaro
> v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639
> (1957), holds that
>
>> [w]here the disclosure of an informant's
>> identity, or of the contents of his
>> communication, is relevant and helpful to the
>> defense of an accused, or is essential to the
>> fair determination of a cause, the [informant's]
>> privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that
> "no fixed rule with respect to disclosure is justifiable." *Id.* at
> 62, 77 S.Ct. at 628. What is required is "balancing the
> public interest in protecting the flow of information against
> the individual's right to prepare his defense." *Id.* Whether
> non-disclosure is erroneous "must depend on the particular
> circumstances of each case, taking into consideration the
> crime charged, the possible defenses, the possible
> significance of the informer's testimony, and other relevant
> factors." *Id. See Rugendorf v. United States*, 376 U.S. 528,
> 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United
> States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United
> States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert.*

*denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lilla*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jiminez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997). In support of his request, the defendant argues that he is entitled to the identity of any and all informants so that he may prepare an adequate defense and so that counsel may attempt to interview them and investigate their allegations, biases and benefits derived from cooperating with the government. Dkt. #53, ¶ 69.

Without more, the Court finds that the defendant has failed to sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case. Similarly, the Court finds that the defendant has failed to sufficiently articulate a need for this Court to conduct an in camera review to evaluate the competing interest. Accordingly, defendant's requests are denied without prejudice.

### Joinder in Motions of Co-defendants

The defendant seeks to join in any motion filed by any of his co-defendants insofar as they are relevant to his case and he has standing to do so. Dkt. #53, ¶ 71. This request is granted with the further directive and finding that the decision made by Magistrate Judge Hugh B. Scott as to each of the co-defendant's requests contained in the motion in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.

### Leave to File Make Further Motions

By this request, defendant Monge reserves the right to make further motions "as the factors and evidence emerge through requested disclosure." Dkt. #53, ¶ 72. Subject to the limitations contained in the defendant's request, the defendant's request to make further and additional motions that may be necessary is granted.

**Government's Request for Reciprocal Discovery**

In addition to the relief requested by the defendant, the government has made a request for reciprocal discovery. Dkt. #55, ¶ 39. The government has requested that the defendant permit it to inspect and copy all books, papers, documents, photographs and other tangible objects which the defendant intends to introduce as evidence-in-chief at the trial. In addition, the government seeks to inspect all reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant along with written summaries of expert witness testimony that the defendant intends to use at trial. Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:     Buffalo, New York
             May 24, 2012

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**